IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SYLVIA ANDERSON,

       Plaintiff,

v.

JAMES D'AUGUSTE;
DIANNE T. RENWICK;
SALLIE MANZANET-DANIELS;
SUZANNE J. ADAMS; and
HECTOR LASSALE,

       Defendants.

Case No. 26-CV-00345-SEH-JFJ

## OPINION AND ORDER

Before the Court is Plaintiff Sylvia Anderson's complaint [ECF No. 1] and motion to proceed *in forma pauperis* [ECF No. 2]. For the reasons set out below, the Court grants Plaintiff's motion for leave to proceed *in forma pauperis* and dismisses her complaint without prejudice.

Plaintiff moves to file this action *in forma pauperis*. [ECF No. 2]. Based on the representations set forth in Plaintiff's motion, the Court finds the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed *in forma pauperis* excuses only prepayment of the fee, Plaintiff remains obligated to pay the full filing fee

1

when she is able. *See Brown v. Eppler*, 725 F.3d 1221, 1230–31 (10th Cir. 2013) (noting that authorization to proceed *in forma pauperis* only excuses prepayment of the filing fee).

As Plaintiff has obtained leave to file *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action … (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted."

Aside from the case caption, the entirety of Plaintiff's Complaint consists of the following:

> Defendants showed fast speed in claims   Defendants are subjected to actions Plaintiff requests this Court to adjudicate.
>
> Sylvia Anderson

[ECF No. 1]. The Court does not know what this means.

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id.*

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged, and it would be futile to give [her] an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The standard for dismissals under § 1915(e)(2)(B)(ii) is the same as dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

3

plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (cleaned up). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Plaintiff's complaint consists of less than two full lines of text, and the statements therein are so sparse that the Court does not know what to make of the Complaint. Due to the Complaint's complete lack of specific allegations against any defendant, Plaintiff has failed state a claim upon which relief may be granted. This action is, therefore, dismissed without prejudice.

## I.    Conclusion

For the reasons stated above, this action is DISMISSED WITHOUT PREJUDICE. A separate judgment will be filed contemporaneously with this order.

DATED this 26th day of June, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE

4